Plaintiff (Whitehall City Council) has appealed from a judgment of the Court of Common Pleas of Franklin County and raises four assignments of error, as follows:
"1. The Court erred in failing to properly decide the issue under a Declaratory Judgment action.
"2. The Court erred in granting Summary Judgment since there was a genuine controversy of material facts.
"3. The judgment is not sustained by the evidence and the Defendant-Appellees failed to meet the required burden of proof for a Summary Judgment.
"4. The trial court erred in failing to set forth a declaration of rights *Page 125 
of the parties upon its dismissal of the action."
Defendants have filed a notice of cross-appeal and raise seven cross-assignments of error, as follows:
"Defendants-Cross Appellants state, if the Trial Court erred in granting their Motion for Summary Judgment on Count Two, then the judgment rendered by the Common Pleas Court of Franklin County on December 21, 1979, was also erroneous in overruling their five motions to dismiss and for failure to grant their motions for summary judgment on their other two grounds, as follows:
"1. The Court erred in finding that the complaint stated a claim upon which relief could be granted, there being no allegations of a present controversy.
"2. The Court erred in finding that the City Council is a person under Section 2721.01 Revised Code that has standing to bring an action pursuant to Section 2721.03 Revised Code.
"3. The Court erred in failing to find the issues presented were res judicata.
"4. The Court erred in not granting the motion to dismiss for failure to state a claim because Section 705.21 Revised Code does not give Council power to commit a person for contempt.
"5. The Court erred in not dismissing the complaint as a sham pleading.
"6. The Court could have also granted summary judgment on the narrower ground that no contemptuous act occurred, defendants having appeared through counsel to contest jurisdiction.
"7. The Court could have also granted summary judgment on the narrower grounds that Council may only invade a person's constitutionally protected rights when a substantial governmental interest is involved."
Plaintiff brought this action for a declaratory judgment with respect to an investigation by the Whitehall City Council into the conduct of the office of the City Attorney of Whitehall, purportedly pursuant to Section 80 of the Whitehall Charter and R. C. 705.21. While, in light of the provisions of R. C. 705.07
and the legislative history involved, it would appear that R. C.705.21 would apply only with respect to municipalities having adopted an optional plan of government pursuant to R. C. Chapter 705 and Section 2, Article XVIII, Ohio Constitution, *Page 126 
and that more appropriate statutory provisions would be R. C.733.35 to 733.39, and especially R. C. 733.39, we find it inappropriate to determine this issue in this case, finding defendants' second cross-assignment of error to be dispositive of the issues.
This action was brought by the Whitehall City Council, purportedly under R. C. 2721.03 permitting "[a]ny person * * * whose rights, status, or other legal relations are affected by * * * statute, * * * municipal ordinance, contract, or franchise * * *" to have determined by an action in declaratory judgment "* * * any question of construction or validity arising under such instrument, * * * statute, * * * ordinance, contract, or franchise * * *." To be entitled to maintain such an action one must first be a "person." R. C. 2721.01 defines "person" as: "* * * [A]ny person, partnership, joint-stock company, unincorporated association, society, municipal corporation, or other corporation." Clearly, Whitehall City Council is not included within that definition of "person" and, thus, does not qualify as such. Furthermore, as noted by Justice Stern inState, ex rel. Cleveland Municipal Court, v. Cleveland CityCouncil (1973), 34 Ohio St.2d 120, at page 122:
"It should be noted, however, that the Cleveland City Council likewise is not sui juris and, absent statutory authority it cannot sue or be sued as such. * * *"
Under appropriate circumstances, a municipal corporation may bring an action for declaratory judgment. See Canton v.Imperial Bowling Lanes (1968), 16 Ohio St.2d 47. However, there is no authority for the city's legislative body, the city council, to bring such an action, the city council not being suijuris and not being a "person" as defined by R. C. 2721.01. Furthermore, R. C. 2721.12 provides as follows:
"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration. No declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, the municipal corporation shall be made a party and shall be heard, and if any statute or the ordinance or franchise is alleged to be unconstitutional, the attorney general shall also be served with a copy of the proceeding and shall be heard."
It has been held that failure to join any party made *Page 127 
necessary by R. C. 2721.12 constitutes a jurisdictional defect.Zanesville v. Zanesville Canal Mfg. Co. (1953), 159 Ohio St. 203. See, also, Gannon v. Perk (1976), 46 Ohio St.2d 301, andMalloy v. Westlake (1977), 52 Ohio St.2d 103.
In response, plaintiff has not expressly contended that the Whitehall City Council is sui juris or a proper party to bring this action, but, instead, contends that the defect is failure to prosecute the action in the name of the real party in interest, so that rather than dismissing the action an opportunity should have been afforded, pursuant to Civ. R. 17(A), for ratification or commencement of the action by the real parties in interest, which plaintiff contends are the individual members of city council. Plaintiff also refers to Civ. R. 21 which provides that an action should not be dismissed for misjoinder.
Neither of these rules are applicable under the circumstances of this case. For either Civ. R. 17 or 21 to be applicable, an action first must have been properly commenced by a person who is sui juris. Here, no action has been properly commenced since the purported plaintiff, the Whitehall City Council, is notsui juris and is not a person entitled to maintain the action.
In short, the jurisdiction of the trial court in declaratory judgment was not properly invoked. Accordingly, the trial court should have sustained defendants' motion to dismiss for this reason; and, defendants' second cross-assignment of error is well taken.
In light of the foregoing findings by this court, none of plaintiff's assignments of error and none of the remaining cross-assignments of error are well taken. The trial court did not err in the respects contended by the plaintiff's assignments of error and did not err in the respects contended by defendants' remaining cross-assignments of error. The trial court's jurisdiction in declaratory judgment was not properly invoked, so that the only proper judgment that could have been rendered by the trial court was one dismissing the action since the court's jurisdiction had not been properly invoked and the action had not been properly commenced by a party who is suijuris and entitled to bring the action.
Technically, the trial court erred in sustaining branch 2 of defendants' motion for summary judgment in that that issue should not have been determined by the trial court. Rather, as *Page 128 
indicated, the only judgment that could have been entered by the trial court was one dismissing the action.
For the foregoing reasons, defendants' second cross-assignment of error is sustained, and plaintiff's assignments of error and defendants' other cross-assignments of error are overruled. The judgment of the Court of Common Pleas of Franklin County is modified so as to sustain the defendants' motion to dismiss because plaintiff lacked standing to bring the action, and to dismiss the action for that reason. This cause is remanded to that court for implementation and execution of the modified judgment.
Judgment accordingly.
STRAUSBAUGH, P. J., and REILLY, J., concur.