DECISION AND JUDGMENT ENTRY
Ray W. Thompson initiated a taxpayer's suit for misapplication of funds against current and former Portsmouth City Council members Ann Sydnor, Raymond Pyles, Greg Bauer, Lisa Mamas, Jim Kalb, John Thatcher, Charles Alexander, Orin Campbell, Howard Griffin, Jeff Walburn, and Gary Abrams ("the Council Members") and the City of Portsmouth ("the City"). The Scioto County Court of Common, Pleas granted partial summary judgment for Thompson and partial summary judgment for the Council Members and the City. The Council Members and the City appealed and Thompson cross-appealed. On appeal, the Council Members and the City assert that the trial court erred in failing to find that Thompson's action was barred by the statute of limitations contained in R.C. 733.60. We agree, because Thompson filed suit more than one year following the date upon which any Council Member began serving his or her term. Accordingly, we reverse the judgment of the trial court in part, and we remand this cause to the trial court to enter judgment in favor of the Council Members and the City.
 I.
On July 22, 1997, Thompson initiated a taxpayer's suit against the Council Members and the City seeking a declaratory judgment that the Portsmouth City Council ("City Council") did not possess the authority to pass a 1990 ordinance providing health and life insurance as part of the Council Members' compensation package. Thompson asserted that the benefits ordinance ("the ordinance") was contrary to the Portsmouth City Charter, and that operation of the ordinance resulted in the misapplication of the City's funds. Thompson also sought restitution of all City funds spent for the Council Members' health and life insurance since City Council passed the ordinance in 1990.
The Council Members and the City argued that Thompson's action was time barred, that Thompson did not meet the procedural requirements for filing a taxpayer suit, and that the ordinance does not violate the Portsmouth City Charter. Additionally, the Council Members and the City asserted a good faith defense based upon the fact that the Council Members relied upon the opinions of the City Solicitor, the State Auditor's Office, and the Ohio Ethics Commission in determining that City Council possessed the authority to pass the ordinance.
Each party filed for summary judgment. On March 19, 1998, the trial court granted Thompson partial summary judgment, holding as a matter of law that the ordinance is invalid because it violates the Portsmouth City Charter. The trial court further found that the Council Members and the City were entitled to partial summary judgment because the City Council acted in good faith and under color of state law when it enacted the ordinance. Finally, the trial court awarded attorney fees to Thompson's legal counsel, but it did not specify an amount for that award.
The Council Members and the City appealed, and Thompson cross-appealed. On appeal we determined that, although Thompson's complaint purported to advance both a declaratory judgment action and a taxpayer's action, Thompson's request for declaratory relief was actually just one of the remedies he sought in his taxpayer action. Because taxpayer actions are based upon common law, and thus are not special proceedings, we do not possess jurisdiction to consider them until the court resolves all claims raised by the parties. Thus, we determined that we did not possess jurisdiction since the trial court had not fully resolved Thompson's claim for attorney fees, and we dismissed the appeal and cross-appeal. Thompson v. Sydnor
(May 11, 1999), Scioto App. 98CA2578, unreported.
On June 28, 1999, the trial court again entered partial summary judgment for both Thompson and the Council Members and the City, found that Thompson's counsel was entitled to reasonable attorney fees for his services during the trial phase of this action, and assigned a specific dollar value to those fees. The Council Members and the City appealed and advanced the following assignments of error:
 I. THE COURT ERRED BY FAILING TO FIND THAT PLAINTIFF'S CLAIMS WERE TIME BARRED BY SECTION 733.6[0] OF THE OHIO REVISED CODE.
 II. THE COURT ERRED IN FAILING TO FIND THAT THOMPSON FAILED TO FOLLOW PROCEDURAL PREREQUISITES OUTLINED IN O.R.C. 733.59.
 III. THE COURT ERRED IN FINDING THAT THE CHARTER WAS VIOLATED.
Thompson cross-appealed and asserted the following assignments of error:
 I. THE COURT ERRED IN NOT DETERMINING WHETHER PORTSMOUTH CITY ORDINANCE 1990-106 AUTHORIZED LIFE AND HEALTH INSURANCE FOR PORTSMOUTH CITY COUNCIL PERSONS.
 II. THE COURT ERRED IN NOT ORDERING PORTSMOUTH CITY COUNCIL MEMBERS TO PAY BACK TO THE PORTSMOUTH CITY TREASURY FUNDS PAID FOR LIFE INSURANCE OR MEDICAL BILLS ON BEHALF OF PORTSMOUTH CITY COUNCIL MEMBERS DEFINING "COLOR OF LAW" AS BEING ADVICE OF COUNSEL.
 II.
In their first assignment of error, the Council Members and the City assert that the trial court erred in failing to find that Thompson's action is time-barred by the statute of limitations contained in R.C. 733.60. Thompson asserts that R.C. 733.60 applies only to taxpayer actions to enjoin the performance of a contract or the payment of bonds, and not to actions to enjoin the misapplication of funds for an unauthorized purpose.
R.C. 733.60 provides:
 No action to enjoin the performance of a contract entered into or the payment of any bonds issued by a municipal corporation shall be brought or maintained unless commenced within one year from the date of such contract or bonds.
Although R.C. 733.60 "does not expressly refer to cases involving misapplication of funds, when the purported misapplication of funds is the result of an illegal contract, the one-year limitations period of R.C. 733.60
applies." City of Cuyahoga Falls v. Robart (1991), 58 Ohio St.3d 1,3, citing Dehmer v. Campbell (1933), 127 Ohio St. 285, syllabus. Thus, to determine whether the statute of limitations contained in R.C. 733.60 applies to Thompson's action, we must determine whether his action seeks to enjoin a misapplication of funds resulting from the performance of an illegal contract.
Robart involved a rule adopted by the Cuyahoga Falls Civil Rights Commission regarding two city employee positions. When the Civil Rights Commission applied the rule, it changed the status of the two employee positions from "classified" to "unclassified." The mayor then appointed individuals to each position.
Over fourteen months later, the plaintiffs initiated a taxpayer action seeking to enjoin the employment of the two individuals as unclassified employees. The plaintiffs contended that the rule the Civil Rights Commission adopted was invalid and illegal. They asserted that the limitation period contained in R.C. 733.60 did not apply, because the basis of their cause of action was whether the rule authorizing the employment contracts was invalid, not whether the employment contracts were valid. Thus, the plaintiffs maintained that they did not seek to enjoin a contract, but rather to enjoin the city from misapplying funds by applying an invalid or illegal rule.
The Ohio Supreme Court construed R.C. 733.60 broadly, and determined that it may apply to an action characterized as a lawsuit to enjoin the misapplication of funds. Robart
at 3. Specifically, the court stated that, "[a]lthough this statute does not expressly refer to cases involving misapplication of funds, when the purported misapplication of funds is the result of an illegal contract, the one-year limitations period of R.C. 733.60 applies." Id., citingDehmer at syllabus.
The court noted that employment relationships are contractual in nature, and that the taxpayer plaintiffs sought to enjoin the employees from continuing in their positions as unclassified employees. Robart at 3. The plaintiffs' taxpayer action sought to enjoin the misapplication of funds based upon the theory that the rule that the Civil Rights Commission was invalid. The plaintiffs alleged that because the rule was invalid, the city should be enjoined from taking action pursuant to the rule. The plaintiffs ultimately sought to enjoin the employment contracts. The court determined that the taxpayer action constituted an action involving the misapplication of funds as the result of an illegal contract. Thus, despite the fact that the plaintiffs challenged the validity of the rule authorizing the challenged contract, the court determined that R.C. 733.60
applied. Id. at 4. The court held that the taxpayer action failed, irrespective of the validity of the rule from which the city derived its authority to hire the employees as unclassified employees.
In this case, Thompson asserts that the City Council did not possess the authority to enact the ordinance. Thus, like the plaintiffs in Robart, Thompson bases his action upon a challenge to the validity of an underlying enactment. Thompson further asserts that, because the ordinance is invalid, the court should enjoin the Council Members from receiving benefits provided for by the ordinance. Likewise, the plaintiffs in Robart argued that, because the Civil Rights Commission's rule was invalid, the court should enjoin the employment of the city employees as unclassified employees. Thus Thompson, like the plaintiffs in Robart, ultimately seeks to enjoin the performance of a contract for services.
Thompson contends that the critical distinction between Robart and this case is that Robart involved a contract between the city and two outside parties, whereas this case involves a contract between the City Council and itself. Thompson characterizes the underlying contract in this case as a contract "entered into by Council, with Council, and for Council." While we make no determination as to the validity of the Ordinance and contract, we find Thompson's distinction to be of no consequence on the statute of limitations issue. Although City Council may be limited in its ability to enact an ordinance or otherwise enter into a contract with or for the individual Council Members, that limitation is relevant only to the validity of the ordinance or contract. The determination of whether the statute of limitations applies must be made independently from the determination of whether the underlying enactment is valid.
We find that the City promised to compensate the Council Members in part by providing them with health and life insurance benefits. We further find, for the purposes of determining whether R.C. 733.60 applies, that the City's promise to so compensate the Council Members is akin to the employment contract at issue in Robart. Thus, we find that the statute of limitations contained in R.C. 733.60 applies in this case.
The Council Members and the City assert that the one year statutory period began to run when the City Council passed the ordinance in 1990. However, based upon the Ohio Supreme Court's analysis in Robart, supra, we find that the statutory period began to run upon the dates that each challenged contract for benefits arose. See Robart at 4 (applying the statutory period from the dates upon which each city employee was appointed to and began serving in his or her unclassified position)
Thompson filed his complaint on July 3, 1997. Pursuant to R.C.731.03, members of a city council are elected during November of odd-numbered years to serve two year terms commencing on the first day of January each even-numbered year. Thus, the Council Members who took office immediately prior to Thompson's complaint began serving their terms on January 1, 1996. Because Thompson did not file his complaint within one year following the date upon which the Council Members began serving their terms, Thompson did not commence the taxpayer action within the required statutory time period.
We find that the trial court erred in failing to enter judgment against Thompson for failure to commence his taxpayer suit during the statutory time period set forth in R.C. 733.60. Accordingly, we sustain the first error assigned by the Council Members and the City. We further find that, due to our determination that the statutory period lapsed, the parties' remaining assignments of error are moot. Therefore, pursuant to App.R. 12(A)(1)(c), we decline to address the parties' remaining assignments of error.
Accordingly, we reverse the judgment of the trial court in so far as it granted judgment in favor of Thompson, and we remand this cause to the trial court to enter judgment in favor of the Council Members and the City.
JUDGMENT REVERSED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion, costs herein taxed to appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Harsha, J.: Concur in Judgment and Opinion.
For the Court
 BY: ________________________________ ROGER L. KLINE, PRESIDING JUDGE
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes a finaljudgment entry and the time period for further appeal commences fromthe date of filing with the clerk.