OPINION
Travelers Indemnity Company ("appellant") appeals from the grant of summary judgment in favor of defendant-appellee, R. L. Smith Company ("Smith"). The Willoughby Municipal Court in Lake County found appellant was not the real party in interest to recover on its claim of subrogation.
On March 8, 1999, appellant filed a complaint against Smith and four John Doe employees. In the complaint, appellant stated it was the insurer, assignee, and subrogee of Stanley J. Bremen, ("Bremen") who owned a condominium in Willoughby. Appellant claimed a subrogated interest in any amounts paid to or on Bremen's behalf for repairs to his home following the alleged negligence of Smith and its employees. Appellant averred the defendants negligently severed a water line, causing damage to Bremen's property. Smith filed a timely answer, raising as a defense that the complaint failed to state a claim upon which relief could be granted.
On April 1, 1999, appellant served a request for production of documents and a request for admissions upon Smith. On April 27, 1999, Smith filed notice with the trial court that it had responded to appellant's requests for admissions and for production of documents. Copies of the response to appellant's request for admissions and the certificate of service upon appellant's attorney are found within the court file.
Smith filed a motion for summary judgment in which it argued appellant was not the real party in interest. Smith averred the subrogation agreement revealed Travelers Property Casualty, not appellant, paid Bremen for the damage to his condominium. Smith further stated that a third insurance company, The Standard Fire Insurance Company, actually insured the Bremen property. Smith attached copies of the certificates of insurance as evidence the three companies were separate and distinct. Therefore, Smith asserted appellant lacked standing to bring the lawsuit as it was not the real party in interest.
Appellant countered Smith's contentions by arguing Smith failed to raise the affirmative defense of standing in its answer, resulting in waiver. Appellant maintained Smith did not respond to its request for admissions, thereby admitting appellant was the insurer, assignee, and subrogee of Bremen.
Appellant filed its own motion for summary judgment in which it argued Smith's failure to respond to its request for admissions entitled it to judgment as a matter of law. Appellant asserted that the admissions now were deemed to be admitted, establishing its prima facie case against Smith. Appellant withdrew this summary judgment motion, stating Smith's counsel advised it that a timely response was made to the request for admissions.
In reply to appellant's brief opposing Smith's summary judgment motion, Smith asked for leave to amend its answer if the trial court accepted appellant's arguments regarding its failure to raise lack of standing and capacity in its answer. Smith filed an amended answer in which it averred appellant's claims were barred by its capacity and lack of standing.
The trial court granted Smith's motion for summary judgment. The trial court struck Smith's amended answer from the record, finding no leave to amend the answer had been granted.
Appellant raises the following assignment of error for review:
 "The trial court erred in granting Appellees' Motion for Summary Judgment premised on Appellees' assertion that Appellant was not the real party in interest."
 In its assignment of error, appellant contends Smith did not raise the affirmative defense that appellant was not the real party in interest in its answer to the complaint. Appellant argues Smith waived the affirmative defense pursuant to Civ.R. 8(C) and was barred from raising the issue in its motion for summary judgment.
This case was decided by summary judgment. Summary judgment is a procedural device designed to terminate litigation and to avoid a formal trial where there is nothing to try. Norris v. Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1. Doubts must be resolved in favor of the nonmoving party. Davis v. Loopco Industries, Inc. (1993),66 Ohio St.3d 64, 66. Pursuant to Civ.R. 56(C), summary judgment is proper when (1) there is no genuine issue of material fact remaining to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. The nonmoving party is entitled to have the evidence construed most strongly in his or her favor. Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367.
A party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293-294. The moving party has the burden even with regard to issues for which the plaintiffs would have the burden of proof should the case go to trial. Vahila v.Hall (1997), 77 Ohio St.3d 421. Once a party has satisfied this incipient burden, a reciprocal burden arises upon the nonmoving party to respond and set forth specific facts showing that there is a genuine issue of material fact to be resolved at trial. Dresher, supra, at 293. A "material" fact is one that would affect the outcome of the suit under the applicable substantive law. Russell v. Interim Personnel, Inc. (1999), 135 Ohio App.3d 301.
When reviewing a summary judgment case, appellate courts are to apply ade novo standard of review. Cole v. American Indus. and Resources Corp. (1998), 128 Ohio App.3d 546, 552. A reviewing court will apply the same standard a trial court is required to apply; which is to determine whether any genuine issues of material fact exist and whether the moving party was entitled to judgment as a matter of law. Parenti v. GoodyearTire Rubber Co. (1990), 66 Ohio App.3d 826, 829.
Appellant asserts that, pursuant to Civ.R. 8(C), Smith waived the argument that appellant was not the real party in interest. Appellant argues that whether it is the real party in interest constitutes an affirmative defense which had to be raised in pleadings and not in a motion for summary judgment.
Civ.R. 8(C) requires a party to set forth an affirmative defense in a pleading. An affirmative defense also may be raised in a Civ.R. 12(B) motion if no responsive pleading has been filed. A party also may seek to amend its responsive pleading under Civ.R. 15 to raise an affirmative defense. If the party fails to raise its affirmative defense by use of any of these methods, he or she will waive that defense. Mills v.Whitehouse Trucking Co. (1974), 40 Ohio St.2d 55, syllabus; Spence v.Liberty Twp. Trustees (1996), 109 Ohio App.3d 357.
The issue to be determined is whether appellant was the real party in interest or not. Actions must be prosecuted in the name of the real party in interest. If a party is not the real party in interest, the party lacks standing to prosecute the action. State ex rel. Tubbs Jonesv. Suster (1998), 84 Ohio St.3d 70. However, an action will not be dismissed on this ground until a reasonable time has been allowed for the real party in interest to ratify the commencement of the action or to be either joined or substituted as a party. Civ.R. 17(A).
The real party in interest has been defined as the party who will directly be helped or harmed by the outcome of the action. The real party in interest must have a real interest in the subject matter of the litigation and not merely an interest in the outcome of the case. Shealyv. Campbell (1985), 20 Ohio St.3d 23, 24. The person must have more than an interest in the case. He or she must have some interest in the subject matter of the litigation or is the person who can discharge the claim on which the suit is brought. In re Highland Holiday Subdivision
(1971), 27 Ohio App.2d 237. The purpose behind Civ.R. 17 is "to enable the defendant to avail himself of evidence and defenses that the defendant has against the real party in interest, and to assure him finality of the judgment, and that he will be protected against another suit brought by the real party in interest on the same matter." Id. at 24-25. A court will look to the substantive law creating the right being sued upon to determine whether the action has been brought by the real party in interest. Dennis v. Ford Motor Co. (1997), 121 Ohio App.3d 318. Compliance with Civ.R. 17 is considered procedural, not jurisdictional, and may be waived if not specifically pled. Mikolay v. TransconBuilders, Inc. (Jan. 22, 1981), Cuyahoga App. No. 42047, unreported, 1981 Ohio App. LEXIS 11690.
Smith argues that appellant was a stranger to the action, possessing no interest in the litigation. Smith states appellant did not insure Bremen or enter into a subrogation agreement with him. Therefore, Smith contends appellant had no claim to bring against it. Appellant's only rebuttal has been to state Smith admitted appellant was Bremen's insurer, assignee, and subrogee when it failed to respond to appellant's request for admissions. However, a time-stamped copy of Smith's timely responses to appellant's request for admissions as well as a certificate of service showing appellant's attorney was served with the responses is in the record. Appellant withdrew its motion for summary judgment in which it raised this same argument after being assured Smith's attorney did make a timely response to the request for admissions. Based upon the record before this court, Smith did not admit appellant was the insurer, assignee, or subrogee of Bremen.
Appellant provided no proof regarding its interest in this case. Appellant did not even attempt to amend its complaint pursuant to Civ.R. 15 which provides that leave of court to amend "shall be freely given when justice so requires." There is no evidence appellant issued the contract of insurance covering the damaged property or paid Bremen for the damage. Generally, only a party to a contract or an intended third-party beneficiary thereof may bring an action for breach of contract. Grant Thornton v. Windsor House, Inc. (1991), 57 Ohio St.3d 158,161. A party cannot bring a case to protect the rights of a third party. State ex. rel. Rien Constr. Co. v. Rice (May 7, 1999), Trumbull App. No. 99-T-0025, unreported, 1999 Ohio App. LEXIS 2101. Appellant cannot assert any rights under the insurance contract or subrogation agreement if it was not a party to either. There is no evidence appellant entered into an insurance contract or a subrogation agreement with Bremen, bringing into question whether it has any interest, no matter how slight, in the action.
A person lacking any right or interest to protect may not invoke the jurisdiction of a court. State ex rel. Dallman v. Court of Common Pleas
(1973), 35 Ohio St.2d 176, 178. In Franzes v. Falcon (Nov. 19, 1979), Lake App. No. 7-071, unreported, at 2, 1979 Ohio App. LEXIS 9451, this court held that Civ.R. 17(A) was not applicable "unless the plaintiff had standing to invoke the jurisdiction of the court in the first place, either in an individual or representative capacity, with some real interest in the subject matter." Civ.R. 17 only applies if the action is commenced by one who is sui juris or the proper party to bring the action. Council of Whitehall v. Rogers (1980), 69 Ohio App.2d 124.
Nothing in the record reflects appellant was sui juris in the instant case. Essentially, appellant was a stranger to the case, having no interest at all in the outcome. Because appellant had no interest in the case, it was not the proper party to bring the case. Civ.R. 17 is not applicable. Therefore, Smith could raise the issue in its summary judgment motion. Appellant has failed to demonstrate any genuine issue of material fact remained in dispute. Therefore, the trial court did not err by granting Smith summary judgment.
Appellant's assignment of error is without merit and it is the judgment and order of this court that the judgment of the trial court is affirmed.
FORD, P.J., NADER, J., concur.