[Cite as *Marietta v. Washington Cty. Bd. of Commrs.*, 2019-Ohio-3883.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

CITY OF MARIETTA, OHIO, et al., :

                              :       Case No. 19CA1

     Plaintiffs-Appellants,     :

                              :

     vs.                            :

                              :       <u>DECISION AND JUDGMENT</u>

BOARD OF COMMISSIONERS    :      <u>ENTRY</u>
OF WASHINGTON COUNTY,       :
OHIO, et al.,                      :

                              :

     Defendants-Appellees.     :       **Released: 09/19/19**
_____
APPEARANCES:

Paul G. Bertram, III, Marietta City Law Director, Marietta, Ohio, and
Matthew A. Dooley, Ryan M. Gembala, and Stephen M. Bosak, Jr.,
O'Toole, McLaughlin, Dooley & Pecora Co., LPA, Sheffield Village, Ohio,
for Appellant.

Nicole Tipton Coil, Washington County Prosecuting Attorney, Marietta,
Ohio, for Appellees.
_____

McFarland, J.

{¶1} This is an appeal from a Washington County Common Pleas
Court grant of summary judgment in favor of Appellees Board of
Commissioners of Washington County, Ohio ("BOC") and Washington
County Board of Health ("BOH") and against Appellant City of Marietta,
Ohio ("Appellant"). Appellant brought this case against BOC for its alleged
breach of an agreement to construct a sanitary sewer collection system. In

the same case, Appellant also filed a petition for writ of mandamus against BOH to compel compliance with its alleged duty to eliminate failing sewer systems in Washington County. Both BOC and BOH filed motions to dismiss and for summary judgment against Appellant based on the same argument—that Appellant's counsel did not have authority to bring this lawsuit on Appellant's behalf. The trial court granted the motions, which it treated as motions for summary judgment, and this appeal followed.

{¶2} On appeal, Appellant contends the trial court committed prejudicial error by (1) granting BOC's motion for summary judgment, (2) granting BOH's motion for summary judgment, and (3) applying a Civ.R. 56 summary judgment standard to Appellees' motions instead of a Civ.R. 12 motion to dismiss standard. As discussed below, Appellant's counsel had authority under applicable state and municipal law to bring this action against Appellees. We therefore sustain Appellant's first and second assignments of error, which renders Appellant's third assignment of error moot. Accordingly, we reverse the trial court's judgment and remand this matter for further proceedings consistent with this opinion.

FACTS

{¶3} Appellant alleges in its Complaint that Washington County has had inadequate and failing sewer facilities for many years. Consequently,

Washington County residents resorted to septic systems and dry wells to treat their wastewater and effluent. Washington County's failing sewer system allegedly causes inadequately treated effluent to be released directly into the groundwater, which then flows downstream into water tables that Appellant uses for its citizens' drinking water. The Ohio Department of Health notified BOH of these health issues, but BOH allegedly has not eliminated the failing sewer systems or notified residents of the corrective actions that must be taken.

{¶4} To address the immediate need for sanitary sewer service in Appellant's region of the County, Appellant and Washington County entered into an agreement, called the Intergovernmental Agreement for Sanitary Sewer Services (the "Agreement"), in 2011. Under the Agreement, Washington County agreed to construct a wastewater collection system for the area and connect to Appellant's sewer system for treatment. The Agreement required Appellant's wastewater treatment plant to have the capacity to accept the additional wastewater flows from Washington County. The Agreement also contemplated that the City would complete improvements to its wastewater treatment plant in anticipation of the increased flows from the County and other areas.

{¶5} Appellant alleges it has made improvements to its wastewater treatment plant, but Washington County has refused to construct the sewer collection system or connect to Appellant's system.  Appellant claims that it continues to incur operating costs in the expansion of its wastewater treatment plant and improvements to its sanitary sewer system.  Meanwhile, Washington County residents remain on inadequate septic systems and dry wells that release undertreated wastewater and effluent into Appellant's drinking water sources.

{¶6} On October 20, 2016, Appellant passed Resolution 55 (16-17), which authorized Paul G. Bertram, III, Appellant's Law Director, "to engage the law firm of O'Toole, McLaughlin, Dooley & Pecora, Co., LPA, as special counsel to the City of Marietta, Ohio in keeping with the obligation of the Ohio Rules of Professional Conduct for the purposes of enforcing the Intergovernmental Agreement for Sanitary Sewer Services."  On December 21, 2017, Appellant filed its Complaint and Verified Petition for Writ of Mandamus in this case.  Appellant's Law Director signed a verification of the Complaint and the Verified Petition on Appellant's behalf.

{¶7} On January 23 and 25, 2018, Appellees BOC and BOH filed their respective motions to dismiss and for summary judgment on the ground that Appellant's newly appointed special counsel did not have authority to

bring the action on Appellant's behalf. In response, Appellant passed Resolution 20 (18-19), which both ratified and authorized the Law Director's hiring of special counsel to bring an action against BOC and BOH to enforce the Agreement and state and local laws governing sewage treatment systems and dry wells in Washington County.

{¶8} On December 3 and 10, 2018, the trial court granted Appellees' respective motions, which it construed as motions for summary judgment under Civ.R. 56. The trial court specifically held that Appellant's special counsel was not authorized to bring this action on Appellant's behalf under R.C. 733.53 and Marietta Codified Ordinance 135.01. The trial court did not address the merits of Appellant's underlying claims. This timely appeal from the trial court's order followed.

## ASSIGNMENTS OF ERROR

"I.    THE TRIAL COURT ERRED IN GRANTING DEFENDANT WASHINGTON COUNTY BOARD OF COMMISSIONERS' MOTION FOR SUMMARY JUDGMENT AND HOLDING THAT PLAINTIFF CITY OF MARIETTA DID NOT PROPERLY INSTITUTE THE ACTION.

II.    THE TRIAL COURT ERRED IN GRANTING RESPONDENT WASHINGTON COUNTY BOARD OF HEALTH'S MOTION FOR SUMMARY JUDGMENT AND HOLDING THAT PLAINTIFF CITY OF MARIETTA DID NOT PROPERLY INSTITUTE THE MANDAMUS ACTION.

III.    THE TRIAL COURT ERRED IN APPLYING A CIV.R. 56
        STANDARD TO A CIV.R. 12 DISMISSAL ON PROCEDURAL
        GROUNDS."

ASSIGNMENTS OF ERROR I AND II

{¶9} In its first and second assignments of error, Appellant contends that the trial court erred in granting BOC's and BOH's respective motions for summary judgment. We consider these assignments of error together because they are based on the same legal argument—that the trial court erred in holding Appellant's counsel did not have legal authority to bring this action on Appellant's behalf.

STANDARD OF REVIEW

{¶10} We conduct a de novo review of a trial court's summary judgment decision pursuant to the standard set forth in Civ.R. 56. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. Summary judgment is appropriate when the movant has established (1) that there is no genuine issue of material fact, (2) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party, with the evidence against that party being construed most strongly in its favor, and (3) that the moving party is entitled to judgment as a matter of law. *Bostic v. Connor*, 37 Ohio St.3d 144, 146, 524 N.E.2d 881 (1988);

citing *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375

N.E.2d 46 (1978); *see also* Civ.R. 56(C).

{¶11} The burden to show that no genuine issue of material fact exists

falls upon the party who requests summary judgment.  *Dresher v. Burt*, 75

Ohio St.3d 280, 294, 662 N.E.2d 264 (1996).  To satisfy its burden, the

moving party must refer to "the pleadings, depositions, answers to

interrogatories, written admissions, affidavits, transcripts of evidence, and

written stipulations of fact, if any, timely filed in the action," that

affirmatively demonstrate that the nonmoving party has no evidence to

support the nonmoving party's claims.  Civ.R. 56(C); *see also Hansen v.*

*Wal–Mart Stores, Inc.*, 4th Dist. Ross No. 07CA2990, 2008-Ohio-2477,

2008 WL 2152000, ¶ 8.  After the movant supports the motion with

appropriate evidentiary materials, the nonmoving party "may not rest upon

the mere allegations or denials of the party's pleadings, but the party's

response, by affidavit or as otherwise provided in this rule, must set forth

specific facts showing that there is a genuine issue for trial."  Civ.R. 56(E).

"If the party does not so respond, summary judgment, if appropriate, shall be

entered against the party."  *Id.*

ANALYSIS

{¶12} Appellees rely upon R.C. 733.53 and Marietta Codified Ordinance 135.01 to argue that Appellant was not permitted to bring this action through special counsel.  R.C. 733.53 provides:

> The city director of law, when required to do so by resolution of the legislative authority of the city, shall prosecute or defend on behalf of the city, all complaints, suits, and controversies in which the city is a party, and such other suits, matters, and controversies as he is, by resolution or ordinance, directed to prosecute. He shall not be required to prosecute any action before the mayor of the city for the violation of an ordinance without first advising such action.

R.C. 733.53.  Codified Ordinance 135.01 provides that "[a]ny and all legal matters, actions, duties and responsibilities, both civil and criminal, shall be handled by the regularly elected or appointed Director of Law."

{¶13} Appellees argue R.C. 733.53 places an affirmative obligation on Marietta's Law Director to prosecute and defend all proceedings on behalf of the city, without exception.  Conversely, Appellant contends that, in order for any such obligation to arise under R.C. 733.53, it must be created by municipal legislation.  Based on the statute's plain language, Appellant's construction is correct.

{¶14} Appellees emphasize the language in R.C. 733.53 stating the "city director of law . . . shall prosecute or defend on behalf of the city, all complaints, suits, and controversies in which the city is a party, and such

other suits, matters, and controversies as he is, by resolution or ordinance, directed to prosecute." The ellipsis in this quoted language, however, omits the clause that makes the obligations conditional on the passage of municipal legislation. Specifically, the obligation to prosecute or defend takes effect only "when required to do so by resolution of the legislative authority of the city." Appellant passed legislation relevant to its Law Director's obligations under R.C. 733.53, namely Codified Ordinance 135.01.

{¶15} As mentioned, Codified Ordinance 135.01 provides "[a]ny and all legal matters, actions, duties and responsibilities, both civil and criminal, shall be handled" by Appellant's Law Director. The parties' dispute thus hangs on the proper interpretation of "shall be handled." Appellees argue "shall be handled" means that the Law Director must directly represent Appellant in all matters. Appellant counters that, construed according to its ordinary meaning, "shall be handled" connotes supervision and management of all matters, not necessarily direct representation. Once again, Appellant's interpretation of the statutory language is correct.

{¶16} Marietta Codified Ordinance 101.03 (Rules of Construction) states that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." Marietta Cod. Ord. 101.03(a). Appellant appropriately cites the online edition of Merriam-

Webster's Dictionary for the definition of "handle" in common usage. *See*

*Gamble v. Dobrosky*, 89 Ohio St.3d 257, 259, 730 N.E.2d 969 (2000)

(finding Merriam-Webster's Collegiate Dictionary to contain "the ordinarily

accepted meaning" of term in administrative code); *see also* Merriam-

Webster.com Dictionary, *FAQ*, https://www. merriam-webster.com/about-

us/faq (accessed June 27, 2019) (online edition of Merriam-Webster's

Dictionary contains updated and expanded version of Merriam-Webster's

Collegiate Dictionary, Eleventh Edition); Antonin Scalia & Bryan A.

Garner, *Reading Law: The Interpretation of Legal Texts*, Appendix A, A

Note on the Use of Dictionaries, at 419, 423 (2012) (identifying the up-to-

date version of Merriam-Webster's Collegiate Dictionary as one of the

contemporaneous-usage dictionaries that are "the most useful and

authoritative for the English language generally and for law").  The most apt

definition in Merriam Webster's online dictionary states that the verb

"handle" means "to have overall responsibility for supervising or directing:

MANAGE."  Merriam-Webster.com Dictionary, https://www.merriam-

webster.com/ dictionary/handle, def. 2 b (accessed June 24, 2019).

{¶17} Merriam-Webster's definition is consistent with the definition

in Black's Law Dictionary from approximately the same period that the

ordinance was passed.  Black's Law Dictionary defines "handle" as follows:

> Handle.  To control, direct, to deal with, to act upon, to perform some function with regard to or to have passed through one's hands, to buy and sell, or to deal or trade in.  *State ex rel. Bell v. Phillips Petroleum Co.*, 349 Mo. 360, 160 S.W.2d 764, 769.  To manage or operate.

Black's Law Dictionary 644 (5th Ed. 1979); *see also* Marietta Cod. Ord. 135.01, http://library2.amlegal.com/nxt/gateway.dll/Ohio/marietta_oh/ codifiedordinancesofthecityofmariettaohi?f=templates$fn=default.htm$3.0$ vid=amlegal:marietta_oh Marietta Cod. Ord. 135.01 (last accessed Aug. 6, 2019) (noting passage of Cod. Ord. 135.01 on 11-18-65).  Just as Merriam-Webster's online dictionary, Black's Law Dictionary defines "handle" in a manner consistent with the executive management of a matter, not the direct performance of all actions relevant to such matter.

{¶18} Applying this definition of "handle," Appellant's Law Director is not required to file every lawsuit brought on Appellant's behalf.  Rather, the Law Director may retain outside counsel to bring a lawsuit so long as he maintains overall responsibility for the supervision and management of outside counsel's prosecution of the action.

{¶19} This straightforward interpretation of the ordinance's plain language comports with the "longstanding rule of construction that favors the workable application of statutory provisions."  *State ex rel. Tam O'Shanter Co. v. Stark Cty. Bd. of Elections*, 2017-Ohio-8167, 151 Ohio

St.3d 134, 141, 86 N.E.3d 332, 339; *citing Prosen v. Duffy*, 152 Ohio St. 139, 87 N.E.2d 342 (1949), paragraph one of the syllabus ("A statute should be given that construction, unless such is prohibited by the letter of the statute, which will accord with common sense and reason and not result in absurdity or great inconvenience"); *see also* Hamilton, Alexander. "The Federalist No. 83: THE SAME SUBJECT (THE JUDICIARY) CONTINUED IN RELATION TO TRIAL BY JURY." The Federalist Papers, edited by Ian Shapiro, by ALEXANDER HAMILTON et al., Yale University Press, 2009, pp. 418–430. JSTOR, www.jstor.org/stable/j.ctt5vm398.86 (last accessed Aug. 6, 2019) ("The rules of legal interpretation are rules of COMMONSENSE, adopted by the courts in the construction of the laws.").  It stands to reason that the City of Marietta, with a population of 13,604 as of the 2018 census, does not have the resources within its legal department to provide direct representation in every single legal matter.  *See* United States Census Bureau, QuickFacts, https://www.census.gov/quickfacts/fact/ table/mariettacityohio,US/PST045218 (last accessed August 6, 2019). Indeed, a single lawsuit of sufficient complexity could easily commandeer all of a small municipality's in-house legal resources.  It therefore makes sense that Codified Ordinance 135.01 requires only the Law Director's

management and supervision of all matters, thereby permitting the retention of outside counsel when necessary.

{¶20} Appellees cite *City of Cuyahoga Falls v. Robart*, 58 Ohio St.3d 1, 567 N.E.2d 987 (1991) for the proposition that "there are limited circumstances which would provide city council with the authority to direct the law director to hire special counsel when the city's charter or statutes otherwise require the law director for the city to handle such matters." Even if *Robart* stands for such a proposition, we have already held that Codified Ordinance 135.01 does not require the Law Director to directly represent Appellant in all litigation filed on its behalf. *Robart* is therefore distinguishable on its facts.

{¶21} Indeed, *Robart* involved a city charter that expressly obligated Cuyahoga Falls' counsel to directly represent the city in all matters. Cuyahoga Falls' charter stated, in pertinent part, that its law director "shall be the legal advisor of and attorney and counsel for the city and for all offices and departments of the city, in matters relating to their official * * * duties. *He shall prosecute or defend all suits for or in behalf of the City*." *Robart* at 4 (emphasis added). Cuyahoga Falls had passed two ordinances that expressly permitted its counsel to retain outside counsel to bring an action, but the Supreme Court of Ohio held that those ordinances were not

valid because they conflicted with the charter's provisions. Here, in contrast to *Robart*, Appellees do not argue Appellant's charter places any obligation on its Law Director. And, as mentioned, the authorities that do apply permit Appellant's Law Director to retain outside counsel so long as he maintains responsibility for and supervises that counsel.

{¶22} The parties also discuss the effect of the resolutions passed by Appellant's city council. However, under the Court's construction of R.C. 733.53 and Codified Ordinance 135.01, Appellant did not need to pass a resolution to authorize its Law Director to retain special counsel in this case. It might have been advisable to seek the resolutions to ensure the special counsel would be paid for its work, but the resolutions were not required to establish its authority to represent Appellant. The Court therefore does not consider the parties' arguments concerning the validity of Appellant's resolutions.

{¶23} Appellees also claim the Law Director's website shows that he alone is authorized to file actions on Appellant's behalf. The website states:

> The Law Director's Office serves as legal counsel for the City of Marietta, Ohio, its elected officials and other officers, and its various boards and commissions. The Law Director's Office also serves as the prosecuting attorney for the prosecution of misdemeanor criminal offenses in the Marietta Municipal Court.

City of Marietta website, http://www.mariettaoh.net/index.php/government-and-services/legal-and-tax/law-director (accessed June 24, 2019). Appellees note this description does not contain the words "supervise," "direct" or "manage." Notwithstanding that fact, the description is still consistent with permitting the Law Director to supervise outside counsel. A person certainly may "serve" as legal counsel for a municipality without appearing as counsel of record in all cases filed on its behalf. *See* Merriam-Webster.com Dictionary, https://www.merriam-webster.com/dictionary/serve, def. 3 d (accessed June 27, 2019) (defining the verb "serve" as "to hold an office: discharge a duty or function"). Appellees also fail to explain why the city's website should be regarded as an authoritative statement of the Law Director's powers and duties. (Perhaps Appellees intended for the website merely to be independent evidence corroborating their interpretation of the statutory language. In any event, it does not provide such evidence.)

**{¶24}** Having found that Appellant's Law Director was authorized under R.C. 733.53 and Codified Ordinance 135.01 to retain special counsel to bring this action against BOH and BOC on Appellant's behalf, Appellant's first and second assignments of error are sustained.

ASSIGNMENT OF ERROR III

{¶25} In its third assignment of error, Appellant contends that the trial court erred by applying a summary judgment standard to Appellees' motions instead of a motion to dismiss standard.  Having sustained Appellant's first and second assignments of error, Appellant is entitled to reversal of the trial court's decision on Appellees' motions.  This assignment of error is therefore moot.

{¶26} For the reasons above, Appellant's Law Director was authorized to retain special counsel to bring this action on Appellant's behalf against Appellees.  Accordingly, Appellant's first and second assignments of error are sustained, the judgment of the trial court is reversed, and this matter is remanded for further proceedings consistent with this opinion.

**JUDGMENT REVERSED AND CAUSE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION and that Appellants recover of Appellees any costs herein.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Hess, J.:  Concur in Judgment and Opinion.


For the Court,


BY:   _____
Matthew W. McFarland, Judge



## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**