649 So.2d 611 (1994)
CITY COUNCIL of the CITY OF LAFAYETTE, Plaintiff-Appellant,
v.
Kenneth F. BOWEN, Defendant-Appellee.
No. 94-584.
Court of Appeal of Louisiana, Third Circuit.
November 2, 1994.
Writ Denied January 27, 1995.
Patrick J. Briney, Lafayette, for City Council of Lafayette.
*612 Vance Robert Andrus, Lafayette, for Kenneth F. Bowen.
Before GUIDRY, C.J., and KNOLL and WOODARD, JJ.
GUIDRY, Chief Judge.
This is an appeal from a suit seeking declaratory and injunctive relief and a writ of mandamus. The sole issue on appeal is whether the plaintiff-appellant, the City Council of the City of Lafayette (City Council), has the procedural capacity to institute and maintain this suit against Kenneth F. Bowen (Bowen), the Mayor of Lafayette.[1] The trial court determined that the City Council is not a juridical person or entity and, thus, incapable of bringing suit. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
In accordance with City Council resolution number R-6477, which was adopted by a three to two majority vote on February 1, 1994, the City Council filed this suit against defendant-appellee, Lafayette Mayor Kenneth F. Bowen, in his individual capacity, on February 4, 1994. The City Council sought a judicial declaration that the use of city funds to pay Bowen's legal expenses associated with his participation as a defendant in a separate lawsuit, Charles DeGravelles, et al v. The Honorable Andy Steven Bernard, Registrar of Voters, et al,[2] is an improper use of public funds. The City Council also prayed for injunctive relief to prohibit the payment of Bowen's legal expenses incurred in the recall suit with city funds. The petition alleged that Bowen had already paid $61, 690.50 in legal fees and expenses to two assistant city attorneys. This money was paid from the city's 1994-1995 legal services budget appropriation of $239,126.00. Further, the City Council alleged that the city would suffer irreparable harm if Bowen was allowed to continue paying his legal fees from city funds.
The parties to this action executed a letter agreement of February 10, 1994, pursuant to which Bowen agreed to stop paying his attorneys with city funds until the trial court issued a ruling on the City Council's prayer for a permanent injunction. In exchange, the City Council pledged to refrain from seeking a temporary restraining order or a preliminary injunction.
On February 22, 1994, Bowen filed five exceptions in response to the City Council's petition. The first exception, which was styled as a "dilatory exception of lack of procedural capacity combined with a peremptory exception of no right of action", is the subject of this appeal. Bowen urged two grounds in support of the combined exceptions:
(1) the City Council is the legislative branch of city government which, independent of the executive branch, does not have the constitutional or statutory authority to institute suit; and,
(2) the City Council is not a juridical person under La.C.C. art. 24 endowed with the right to sue and be sued.
After the parties filed memoranda and exhibits in support of their respective positions, the trial court, in written reasons rendered on February 25, 1994, concluded that the *613 City Council is not a legal entity or juridical person that can sue or stand in judgment. In pertinent part, the court reasoned as follows:
The Home Rule Charter of Lafayette, Section 2-04 vests the City Council with all powers; thus, the Council must insure the performance of all duties and obligations imposed on the city by law. Not in specific and explicit words, and no where is it implicit in its delegation of powers that the charter gives the city council the power to bring suit in its own name to decide whether or not unilateral action of expenditure by the mayor is legal; and if illegal, to have same stopped through injunctive relief and mandatory action and, thereafter, to order an explanation of the mayor's actions.
To do so, without explicit designation, would cause absolute chaos in city government. Should the mayor exercise any administrative action, the council could harass him continually and constantly with lawsuit, threat of lawsuit, injunctive action or by any other legal maneuver it could see fit.
* * * * * *
The Home Rule Charter is the basic law effecting [sic] government for the City of Lafayette, and the city itself exists as a corporate body politic, separate and apart from its members. The City of Lafayette is the legal entity. The City Council is one of its parts and principaly [sic] exists to legislate for the City of Lafayette. Lafayette has a Charter, A Home Rule charter, from the State of Louisiana, to exist and act under the Louisiana Constitution and the Charter as a political corporation.
The Court finds no authority, Constitutional, Statutory, or via Home Rule Charter that authorizes the "Lafayette City Council" to institute, of its own motion, a lawsuit; nor does this Court find any Louisiana Supreme Court or Court of Appeal decision which has confronted head-on the issue: "Can a City Council under a Home Rule Charter file suit in a court of law in it's own name and capacity?" The Court's answer: "I think not".
For these reasons, the trial court granted Bowen's dilatory exception of lack of procedural capacity and, in accordance with La. C.C.P. art. 933, gave the City Council 45 days to remove the procedural defect, in default of which its suit would be dismissed with prejudice. The court specifically denied Bowen's exception of no right of action (which he had combined with the lack of procedural capacity exception) and reserved ruling on the four remaining exceptions. The court signed an order in accord with its reasons on March 2, 1994. The court order also specifically adopted the parties' letter agreement by prohibiting Bowen from paying his attorneys until the earlier of the passage of 45 days or further court order.
On March 25, 1994, the City Council amended its petition as follows:
I.
The City Council of the City of Lafayette brings this suit as the governing authority and legislative branch of the City of Lafayette, through its five members, Nancy Bradford Mounce, Helen Bellamy, Elmo John Laborde, Jr., F.V. "Pappy" Landry, and Christopher James Williams all natural persons of the full age of majority and residents and domiciliaries of the City of Lafayette, a majority of whom voted to adopt Resolution R-6377 attached as Exhibit H of the Petition.[3]
Bowen reurged his exception and the trial court set a hearing on the matter for April 18, 1994. The prior court order, prohibiting Bowen from paying his attorneys, through the hearing date was extended.
After hearing arguments of counsel, the trial court ruled that the amendment was not sufficient to cure the procedural defect. In oral reasons, the court stated, in pertinent part, as follows:
This Court has held that the Lafayette City Council is not a juridical person with standing as such to sue Mayor Bowen in the Fifteenth Judicial District Court. The *614 Council has amended its petition by adding the individual names of its Council members, but remains as the Council, thus appearing individually as the Council.
This Court agrees with counsel for Mayor Bowen that nothing has changed by the Council amendment herein. The Court has previously ruled that the Council "per se" is not a juridical person, and the Council has amended only to individualize themselves in the Council, and not in their individual capacities as citizens.
On this same date, the trial judge signed an order dismissing the City Council's suit with prejudice. He also rescinded the prior court order which had prohibited Bowen from paying his attorneys from city funds for services rendered in the DeGravelles, et al v. Bernard, et al lawsuit. From this judgment, the City Council appeals and assigns four errors, to-wit:
(1) Holding that the City Council is not a juridical person with capacity to sue and be sued;
(2) Denying a majority of the City Council access to the courts because the suit was filed in their official capacity as council members;
(3) Refusing to consider evidence that the City Council is a government entity with standing to sue and be sued; and,
(4) Finding that the City of Lafayette Home Rule Charter allows the mayor to veto the City Council's access to the courts or its right to be represented by the City Attorney.

OPINION
The City Council's specifications of error, in effect, raise two issues, the first being primary and the other being secondary yet interrelated with the first. Assignments of error numbers one, two and four are addressed to the primary issue: whether the City Council is a juridical person or entity with the procedural capacity to sue and be sued. This is the specific issue upon which the trial court ruled. The secondary issue is whether the trial court erred in not allowing the City Council to present documentary evidence of past lawsuits, ordinances and resolutions. Such evidence was offered to prove that the City Council, by custom, is treated as an independent juridical entity endowed with procedural capacity.

Procedural Capacity
To be empowered with capacity to independently institute litigation, an entity must qualify as a "juridical person". This term is defined in La.C.C. art. 24 as "... an entity to which the law attributes personality, such as a corporation or partnership. The personality of a juridical person is distinct from that of its members". A thorough review of this state's jurisprudence reveals no factually similar case resolving the specific issue presented herein, whether the City Council (the legislative branch of city government) is a juridical person with procedural capacity to sue.
In Roberts v. Sewerage and Water Board of New Orleans, 92-2048 (La. 3/21/94); 634 So.2d 341, the Supreme Court of Louisiana established a functional analysis for the determination of an entity's juridical status. Roberts involved a New Orleans police officer's suit against the Sewerage and Water Board (SWB) for injuries he sustained while at work when his patrol car hit an uncovered manhole. The SWB claimed employer immunity from suit because of its interrelation with the City of New Orleans, i.e., the SWB contended that Roberts' sole remedy was worker's compensation. The court held that the SWB was a "third person" within the meaning of the workers' compensation law and, under the circumstances, was subject to suit in tort. In so holding, the court focused on the independent nature of the SWB insofar as its creation, powers, and duties are concerned. It applied the following criteria which is clearly applicable to the present case, to-wit:
... The important determination with respect to the juridical status or legal capacity of an entity is not its creator, nor its size, shape, or label. Rather the determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unit for the particular purpose at issue. In the absence of positive law to the contrary, a local government *615 unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity. 1 Sands & Libonati, § 2.18 and authorities cited therein, §§ 2.19, 2.20.
Such a determination will depend on an analysis of specifically what the entity is legally empowered to do. 1 Sands & Libonati § 2.02....
Id. at pp. 346-47. (Emphasis ours).
Thus, the Supreme Court's functional analysis for determining juridical status depends in part upon the particular powers granted the entity by law and the particular purpose for which said entity claims juridical status. The government of the City of Lafayette is organized pursuant to a Home Rule Charter as authorized by Article six, Section four of the Louisiana Constitution of 1974. The Charter provides, in pertinent part:
ARTICLE I: INCORPORATION: FORM OF GOVERNMENT, BOUNDARIES, POWERS.
* * * * * *
Section 1-02. Form of Government.
The municipal government provided by this charter shall be known as the "Mayor-Council" form of government. It shall consist of an elected council that shall constitute the legislative branch of the government and an elected Mayor who shall be the chief executive officer and head of the executive branch.
* * * * * *
ARTICLE II. CITY COUNCIL
* * * * * *
Section 2-04. General Power and Duties.
All powers of the City shall be vested in the Council, except as otherwise provided by law or this charter, and the Council shall provide for the exercise thereof and for the performance of all duties and obligations imposed on the City by law.
The Charter also provides for City Council meeting rules and procedures and lists seventeen City Council actions which require an ordinance, which is subject to mayoral veto. Lafayette Home Rule Charter §§ 2-09 and 2-11. All other acts may be carried out by resolution, which is not subject to mayoral veto.
The Charter is clearly silent on the specific question of whether the City Council can, independent of the City of Lafayette and the mayor, sue and be sued. In other words, the Charter does not directly and expressly confer the power to sue and be sued on the City Council. Article 1-01 of the Charter establishes the City of Lafayette as "a body politic and corporate in perpetuity". The City Council argues that, inherent in its general powers as the "governing authority"[4] of the City of Lafayette, it is a juridical entity with the independent power to sue and be sued. Furthermore, the City Council contends that because no constitutional, statutory or charter provision expressly prohibits it from going to court to seek judicial relief, it should be allowed to do so especially in matters concerning the use of public funds. The City Council also asserts that it seeks judicial redress through a majority of its members, acting in a representative capacity of Lafayette's citizens, who voted to adopt Resolution number R-6377.
Bowen counters that the City Council is merely a branch of city government with no authority to institute suit. He contends that the City Council is not a political or juridical entity distinct from its larger body politic, the City of Lafayette. Additionally, Bowen argues that, as held by the trial court, the amendment of the City Council's petition to name individual members was not sufficient to confer procedural capacity upon the City Council.
*616 The City Council is the legislative branch and governing authority of the City of Lafayette. As such, it is vested with all powers of the city except those which are otherwise provided by law or by the Charter. However, it is not "an additional and separate government unit" with the power to institute litigation on its own behalf. The City Council is a branch or part of the greater corporate body politic or juridical entity, the City of Lafayette. The Charter (organic law), which clearly grants the City Council broad powers, restricts the City Council's legal capacity to exercise such powers by establishing it as the legislative branch of city government. In this capacity, the City Council may only exercise its powers as an agency or division of the greater city government.
In Council of the City of Whitehall v. Rogers, 69 Ohio App.2d 124, 432 N.E.2d 216 (Ohio App.1980), the City Council sought a declaratory judgment with respect to an investigation of the city attorney's office. The trial court granted summary judgment in favor of defendants, and all parties appealed. The Court of Appeals held that the Whitehall City Council was not sui juris and did not qualify as a "person" entitled to maintain an action for declaratory judgment. Ohio R.C. 2721.01 defined "person" as: "* * * [A]ny person, partnership, joint-stock company, unincorporated association, society, municipal corporation, or other corporation". The court found no authority for the city's legislative body to bring such an action. In so doing, the Court of Appeals relied upon an Ohio Supreme Court case, State ex rel. Cleveland Municipal Court v. Cleveland City Council, 34 Ohio St.2d 120, 296 N.E.2d 544 (Ohio 1973), which established that the Cleveland City Council was, likewise, not sui juris and incapable of suing or being sued.
The statute defining "person" in the Whitehall case, Ohio R.C. 2721.01, does so with more specificity than Louisiana Civil Code art. 24. For example, it provides that a "municipal corporation" is a "person". However, the Court of Appeals construed this to mean the city or town itself as a whole. A city council, the court concluded, is clearly not a municipal corporation.
Likewise, the Lafayette City Council is not a juridical person with the procedural capacity to sue or be sued. The City Council is not sui juris or juridically independent of the City of Lafayette. It is not an entity to which the law attributes personality. Therefore, it cannot maintain the present action against Mayor Bowen.
On the issue of whether the City Council's amendment of its petition was sufficient to endow it with the requisite procedural capacity, the trial court correctly concluded that naming the council members individually changed nothing. The plaintiff remained the City Council. The council members did not join the suit in their individual capacities as persons but, instead, in their official capacities as council members. The fact that, officially, the council members individually represent citizens and taxpayers does not change the fact that the City Council is the sole plaintiff. The amendment did not cure this procedural defect.

Evidence of Custom
At the April 18, 1994 hearing, the City Council's attorney attempted to admit documentary and testimonial evidence to prove that, through past actions and participation in lawsuits, the City Council established its status as a juridical entity. Due to the limited scope of the hearing, a consideration of whether the City Council's amended petition (which individually named council members) was sufficient to cure the procedural defect previously ruled upon, the trial court ruled such evidence inadmissible. The City Council's attorney was allowed to proffer the evidence into the record. However, plaintiff's counsel, in oral argument, did discuss the issue of custom establishing juridical personality and, in so doing, mentioned most if not all of the documents. He also stated upon what basis the particular documents established the juridical status of the City Council.
We find it unnecessary to consider whether the trial court erred in ruling the evidence of custom inadmissible. "Custom results from practice repeated for a long time and generally accepted as having acquired the force of law. Custom may not abrogate legislation". *617 La.C.C. art. 3. We have reviewed the documentary and testimonial evidence proffered by the City Council and find it insufficient to establish a custom of treating the City Council as a separate juridical entity. While the pleadings and other documents presented do, in one way or another, refer to the City Council as a separate party, the issue of the City Council's juridical status is never raised or questioned therein. Merely because the City Council was, for purposes of defending several lawsuits, treated as a separate entity does not establish the City Council as a juridical person.

DECREE
For the above and foregoing reasons, the judgment of the trial court is affirmed. Plaintiff is cast with all costs of these proceedings.
AFFIRMED.
NOTES
[1] We do not consider in this appeal whether, under the circumstances of this case, suit could be instituted on behalf of the City of Lafayette, after proper authorization. See City of Alexandria through Snyder v. Lanier, 446 So.2d 547 (La.App. 3rd Cir.1984). Resolution No. R-6477, infra, did not authorize suit on behalf of the City of Lafayette. The parties to this suit do not contend that the entity, the City of Lafayette, is or was ever intended as the party plaintiff in this litigation. See Riley v. Evangeline Parish Sheriff's Office, 94-202 (La. 4/4/94), 637 So.2d 395.
[2] Fifteenth Judicial District Court, Parish of Lafayette, Docket number XX-XXXX-XA. This suit was filed on December 23, 1993 against Bernard by the organizers of an effort to recall Bowen. The plaintiffs therein generally alleged that Bernard, in tabulating signatures on the recall petition, abused his discretion by disqualifying a large number of registered voters who reasonably should have been counted in favor of the recall of Bowen. On December 30, 1993, in compliance with the trial judge's ruling that Bowen was a necessary party to that suit, plaintiffs therein added him as a party defendant so that, in the interest of judicial economy, Bowen could challenge signatures validated by Bernard which he alleged should reasonably have been excluded. Bowen was sued in DeGravelles, et al v. Bernard, et al in his individual capacity, not in his official capacity.
[3] The record indicates that council members Mounce, Bellamy and Landry voted in favor of the resolution. Council members Laborde and Williams voted against it.
[4] La.Const. art. 6, § 44 defines the following:

* * * * * *
(2) "political subdivision" means a ... municipality... authorized by law to perform governmental functions.
(3) "municipality" means an incorporated city, town, or village.
(4) "governing authority" means the body which exercises the legislative functions of the political subdivision.