# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CW 07-1322


**HONORABLE JACQUES M. ROY, IN HIS CAPACITY AS MAYOR, ET AL.**

**VERSUS**

**ALEXANDRIA CITY COUNCIL, ET AL.**


\*\*\*\*\*\*\*\*\*\*

ON SUPERVISORY WRITS FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 229,053
HONORABLE HARRY FRED RANDOW, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

### JOHN D. SAUNDERS
### JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Jimmie C. Peters, and Michael G. Sullivan, Judges.

**WRIT DENIED.**


Robert Lawrence Beck, Jr.
Rivers, Beck, Dalrymple & Ledet
P. O. Drawer 12850
Alexandria, LA 71315-2850
(318) 445-6581
Counsel for Plaintiff/Respondent:
Honorable Jacques M. Roy
Honorable Jacques M. Roy, in capacity as Mayor, et al.

George Carnal Gaiennie, III
Hughes & LaFleur
P. O. Box 1831
Alexandria, LA 71309-1831
(318) 443-4090
Counsel for Plaintiff/Respondent:
Honorable Jacques M. Roy
Honorable Jacques M. Roy, in capacity as Mayor, et al.

**John Wyeth Scott**
**Attorney at Law**
**P. O. Box 171**
**Alexandria, LA 71309**
**(318) 445-1474**
**Counsel for Defendants/Applicants:**
**Honorable Charles F. Smith, Jr.**
**Honorable Louis Marshall**
**Honorable Myron K. Lawson**
**Honorable Roosevelt L. Johnson**
**Honorable Everett C. Hobbs**
**Alexandria City Council**

**Toni Rachelle Martin**
**Attorney at Law**
**6007 Legacy Loop**
**Pineville, LA 71360**
**(318) 443-3229**
**Counsel for Defendants/Applicants:**
**Honorable Charles F. Smith, Jr.**
**Honorable Louis Marshall**
**Honorable Myron K. Lawson**
**Honorable Roosevelt L. Johnson**
**Honorable Everett C. Hobbs**
**Alexandria City Council**

**SAUNDERS, Judge.**

This case arises from a suit filed by the Mayor of Alexandria seeking a judgment declaring City of Alexandria Ordinance 231-2007, enacted in August 2007, invalid and seeking an injunction preventing members of the Alexandria City Council from acting in furtherance of Ordinance 231-2007. Ordinance 231-2007 allows the council to enter into contracts for legal services to be provided to the council.

On August 28, 2007, a temporary restraining order, enjoining execution of Ordinance 231-2007, was signed by the trial court. On August 31, 2007, defendants filed a motion for summary judgment. The trial court denied the summary judgment and issued written reasons on October 5, 2007. In addition, the trial court granted a preliminary injunction.

On October 9, 2007, defendants filed peremptory exceptions of nonjoinder of a necessary party, no cause of action, and no right of action and also filed dilatory exceptions of unauthorized use of summary proceeding and improper joinder of parties. In addition, defendants filed a motion to reconsider the summary judgment and preliminary injunction. The trial court denied the exceptions and the motion to reconsider on October 11, 2007. It is from the denial of the peremptory exceptions that the defendants took writs. No hearings are currently set in this matter, and the trial court has stayed proceedings pending decision from this court.

For the following reasons, we deny the writ application.

**FACTS AND PROCEDURAL HISTORY:**

On August 29, 2007, Honorable Jacques M. Roy, Mayor of Alexandria ("Mayor"), filed suit against the Alexandria City Council and its members individually ("the City Council members") who voted for, and also voted to override the Mayor's veto of, Alexandria Ordinance No. 231-2007 ("the Ordinance"). The

Ordinance authorizes the City Council to appoint or retain legal counsel. The Mayor's suit sought to set aside, invalidate, or nullify the Ordinance. The suit also sought to enjoin the City Council members, individually, from actions in furtherance of the Ordinance.

The trial court issued a temporary restraining order, enjoining the City Council members from execution of Ordinance 231-2007, on August 28, 2007. The City Council members responded by filing a motion for summary judgment on August 31, 2007, which was denied. Further, the trial court granted a preliminary injunction.

On October 9, 2007, the City Council members filed peremptory exceptions of nonjoinder of a necessary party, no cause of action, and no right of action and also filed dilatory exceptions of unauthorized use of summary proceeding and improper joinder of parties. In addition, they filed a motion to reconsider the summary judgment and preliminary injunction. The trial court denied the exceptions and the motion to reconsider on October 11, 2007. It is from the denial of the peremptory exceptions that the City Council members took writs seeking resolution of this issue.

This court responded by asking counsel for the parties to submit briefs on two issues: (1) Whether the Alexandria City Council is an entity that has the procedural capacity to sue and/or be sued; and (2) Whether the City of Alexandria is a necessary party to this action. Further, oral arguments were heard on those two issues.

**DISCUSSION OF THE MERITS:**

At issue in the instant writ application is whether the trial court erred in denying defendants' peremptory exceptions of nonjoinder, no cause of action, and no right of action. Specifically, defendants seek to have the City of Alexandria named as a party and argue that the individual council members are not proper parties to this

2

action.

**Can the Alexandria City Council be sued:**

In the instant case, in order to determine whether the City of Alexandria is a necessary party, we must first determine whether the Alexandria City Council has procedural capacity to sue and/or be sued.

We find the case of *City Council of Lafayette v. Bowen*, 94-584 (La.App. 3 Cir. 11/2/94), 649 So.2d 611, *writ denied*, 94-2940 (La. 1/27/95), 650 So.2d 244, instructive on this issue. In *Bowen*, this court held that the Lafayette City Council did not have the procedural capacity to sue or be sued as "[t]he [Lafayette] City Council is not *sui juris* or juridically independent of the City of Lafayette. It is not an entity to which the law attributes personality." *Id.* at 616. The *Bowen* court reached this conclusion based upon the silence of the Lafayette City Charter on whether the City Council can sue and be sued when it stated:

> The City Council is the legislative branch and governing authority of the City of Lafayette. As such, it is vested with all powers of the city except those which are otherwise provided by law or by the Charter.... The City Council is a branch or part of the greater corporate body politic or juridical entity, the City of Lafayette. The Charter (organic law), which clearly grants the City Council broad powers, restricts the City Council's legal capacity to exercise such powers by establishing it as the legislative branch of city government. In this capacity, the City Council may only exercise its powers as an agency or division of the greater city government.

*Id* at 616.

In the case before us, Alexandria's Home Rule Charter provides that "[a]ll powers of the city shall be vested in the council, except as otherwise provided by law or this charter, and the council shall provide for the exercise thereof and for the performance of all duties and obligations imposed on the city by law." The home rule charter is silent on the capacity of the council to sue or be sued. The home rule

3

charter further provides that the Mayor is responsible for the supervision and direction of all divisions. This includes the legal division, of which the city attorney, appointed by the Mayor and approved by the council, is the head. In fact, the home rule charter specifically provides that "[t]he city attorney shall serve as chief legal adviser to the Mayor, City Council. . . ." The home rule charter also states that "[n]o special legal counsel shall be employed by the city except by written contract and approval of the City Council."

Given the above, we find that the Alexandria City Council cannot sue or be sued. La.Civ.Code art. 24 states that there are two kinds of persons: natural and juridical. The City Council is neither, and, thus, cannot sue, be sued, or *enter into a contract* as any exercise of the Ordinance by the City Council members would require.

While the Alexandria City Council cannot be sued, the five individual members who were eventually left in the suit can be sued as they are natural persons. The injunctive relief sought by the Mayor, and granted by the trial court, was directed to the individual council members and it restrained them from entering into an invalid contract on behalf of the City of Alexandria. Whether that injunction can be sustained without the City of Alexandria as a party to the proceedings is a question that is answered below.

**Is the City of Alexandria a necessary party to this action:**

The peremptory exception of nonjoinder of a party is governed by La.Code Civ.P. arts. 641 and 642. Louisiana Code of Civil Procedure Article 641 provides that:

A person shall be joined as a party in the action when either:
(1) In his absence complete relief cannot be accorded among those already

4

parties.

(2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:

(a) As a practical matter, impair or impede his ability to protect that interest.

(b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.

Here, the City of Alexandria does not have to be joined under La.Code Civ.P. art. 641. Without the City, complete relief can be accorded to the Mayor or the City Council members. Further, the City's ability to protect its interest is already being exercised by the inclusion of representatives of its two branches of government. Finally, neither the Mayor nor the City Council members would be subject to any "risk of incurring multiple or inconsistent obligations" as either the City Council members would be restrained from exercising the Ordinance or the relief sought by the Mayor would be denied. As such, we find that the City of Alexandria is not a party that must be joined in the proceedings under La.Code Civ.P art. 641.

Moreover, even if the City of Alexandria did have to be joined as a party under La.Code Civ.P. art. 641, but could not be made a party, Under La.Code Civ.P. art. 642 the action should still proceed. Louisiana Code of Civil Procedure Article 642 governs the determination made by the court whenever joinder of a party cannot be made. Louisiana Code of Civil Procedure Article 642 provides a non-exclusive list of factors to be considered by the Court in its determination as to whether this action should proceed in the absence of the City of Alexandria. Those factors include the following:

1.  To what extent a judgment rendered in the person's absence might be prejudicial to him or those already present.

2.  The extent to which the prejudice can be lessened or avoided by protective provisions in the judgment, by the shaping of relief, or by other measures.

5

3.     Whether a judgment rendered in the person's absence will be adequate.
4.     Whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Under the factors above, we cannot see any reason why the action cannot proceed without the City of Alexandria. Any judgment in this case would not be prejudicial to the City of Alexandria, the Mayor, or the City Council members. The City Council members have suggested no prejudice which the City might experience by resolution on the merits in the City's absence.

Further, any judgment rendered granting the relief sought will be adequate. Injunctive relief has been ordered by the trial court restraining and enjoining acts which are impermissible by the members of the City Council under the pertinent laws without directly declaring the City of Alexandria's Ordinance invalid.

Finally, the Mayor will have no adequate remedy if the action is dismissed for nonjoinder. A dismissal of the Mayor's action will deprive him of his only adequate remedy, that being injunctive relief against the City Council members enjoining them from entering into invalid contracts on the City of Alexandria's behalf.

The City Council members point to La.Code Civ.P art. 1880 to argue that the City of Alexandria must be present for the proceedings to proceed. Article 1880 provides, in pertinent part:

> When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. *In a proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard.* If the statute, ordinance, or franchise is alleged to be unconstitutional, the attorney general of the state shall also be served with a copy of the proceeding and be entitled to be heard. (emphasis added).

While it is clear that Article 1880 requires the City of Alexandria be a party to

6

these proceedings, the appropriate analysis does not end there. The City of Alexandria, a body politic, has two branches, legislative and executive. Both of these branches are already in these proceedings, the executive via the Mayor and the legislative via the City Council members. As such, the goal of Article 1880, that the municipality be heard or represented, is being met. Further, the City of Alexandria cannot practically be added as a party herein for to do so would present a party incapable of securing effective and independent representation. Alexandria's Home Rule Charter provides, in pertinent part, the following:

(A)  The head of the legal division shall be the city attorney. . .
(B)  The city attorney shall serve as chief legal advisor to the Mayor, City Council and all divisions or departments, offices and agencies, shall represent the city in all legal proceedings. . .
(C)  Any assistant city attorneys authorized by the City Council shall be appointed by the city attorney and serve at his pleasure.
(D)  No special legal counsel shall be employed by the city except by written contract and approval of the City Council.

This provision requires the city attorney, an assistant city attorney, or special counsel appointed by the city attorney to represent the city if it is a named party. The facts of this case and the Ordinance at issue clearly indicate that the City Council members want to enter into a contract with an attorney of their own as they are not satisfied with the actions of the current city attorney. If the City of Alexandria is named as a party, the city attorney will represent the City, but the two branches of the City government, the Mayor and the City Council members, have diametrically opposed views on the validity of the Ordinance.

Given the above, we find no reason that the proceedings cannot proceed without the inclusion of the City. Its actual interests are already represented by its only two components. Its inclusion would add nothing to a fair and just resolution of the substantive issues presented herein. The issues in this case have been adequately

argued by the parties, and as such, the City of Alexandria has been represented and heard.

**Peremptory exceptions of no right of action and no cause of action:**

The City Council members raised peremptory exceptions of no right of action and no cause of action. The trial court did not err in denying these exceptions. Louisiana Code of Civil Procedure Article 1872 provides that interested parties whose rights may be affected by a municipal ordinance may have the validity of the ordinance determined. Here, the Mayor has brought suit in his individual capacity. As a taxpayer of the City of Alexandria, he is an interested party and thus has a right of action to bring the suit. With respect to the no cause of action exception, La.Code Civ.P. arts. 1871 and 1872 do provide a cause of action for bringing suit to obtain a declaratory judgment when the validity of a municipal ordinance is involved.

**CONCLUSION:**

We agree with the trial court's decision to grant the relief sought by the Mayor. As such, we deny the City Council members' writ application.

**WRIT DENIED.**