Dear Mr. Friedman:
Our office received an opinion request from you concerning the duties of the Plaquemines Parish Attorney's Office. The facts, as you have provided them, are as follows: on December 23, 2009, the Plaquemines Parish Council Paralegal, acting under your direction, made a public records request to the Parish President's Office. You received no response from the Parish President, and subsequently filed suit. You requested, but did not receive, representation from the Parish Attorney's Office.[1]
You have specifically asked our office to address several questions, each of which will be addressed in turn.
Can a public records request be issued by an individual councilmember? Can an individual council member in his official capacityrequest public records?
The right of access to public information is guaranteed by La.Const. art. XII, § 3, which provides, "[n]o person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law." The Public Records Act, which can be found at La.R.S. 44:1 et seq., was enacted by the Louisiana Legislature to protect and define the constitutional right of access to public documents. As described by La.R.S. 44:31, the right of access to public documents extends to any *Page 2 
person.[2] The Public Records Act does not offer distinctive rights of access for public officials, i.e., under Title 44, an ordinary member of the public has the same right of access to public documents that a public official has. An individual council member has the capacity to make a public records request, just as any ordinary person has the capacity to make a public records request.
In conclusion, an individual council member may request access to public records in his or her official capacity and a public body may issue a public records response to a council member requesting access in his or her official capacity.[3]
Can Section 5.02 of the Parish Charter be applied to legalrepresentation of one or more Council Members acting in an officialcapacity, or is it interpreted to only apply to the Parish Council as awhole?
Your request letter indicates that you requested the Parish Attorney's Office to represent you when you sued the Parish President for enforcement of the Public Records Act. The Parish Attorney declined to represent you, which has prompted your request for our opinion concerning the obligation of the Parish Attorney to provide legal representation to council members acting in an official, yet individual, capacity.
Plaquemines Parish operates under a Charter for Local Self-Govemment (Charter). Section 5.02 of such Charter describes the Legal Services for the Parish, providing:
A. The parish president, with the approval of the parish council, may employ a parish attorney who shall serve at the will of the president for the same term of office as the parish president. All legal services for the parish, the parish council, the president, and all other political subdivisions and districts situated within the parish, except in criminal matters and as hereinafter provided, shall be performed by the parish attorney.
B. The parish president shall also have the power and authority to employ attorneys, with the approval of the parish council, to handle all legal and financial work with reference to the issuance of bonds, notes, or other evidences of indebtedness, whether in the original instance, or for refunding purposes. In other matters as the parish president may deem advisable, the parish president may employ special counsel pursuant to *Page 3 
the provisions of this Charter. In all cases, the parish shall compensate said special counsel for their services.
C. The parish council may by majority vote of its membership employ special counsel for itself.
D. No special counsel shall be employed by either the parish president or the parish council until a budget appropriation has been made for that purpose.
[Emphasis added.]
Subsection A outlines the responsibility of the Parish Attorney to provide legal services for the Parish, the Parish Council, the Parish President, and all other political subdivisions and districts situated within the Parish, except in criminal matters and as provided elsewhere in Section 5.02 of the Charter.
The plain language of Subsection A suggests that legal services for the body known as the Parish Council shall be performed by the Parish Attorney, except as otherwise provided by Section 5.02. In support of this interpretation that legal services are available to the Parish Council as a body and not required for individual council members, Subsection C provides for counsel other than the Parish Attorney by permitting the Parish Council to employ special counsel for itself by a majority vote of its membership. Special counsel cannot be employed for the Parish Council via a decision made unilaterally by one council member.
Our office has opined in the past that if a public official of a municipality or political subdivision is sued for civil damages and not found liable, and the allegation arose out of the performance of his or her official functions, then the public body governing that individual may, but does not have to, pay the reasonable attorneys fees and expenses that result from the defense against the suit. See La. Atty. Gen. Op. Nos. 85-822, 96-95, 96-210, 96-398, 97-248, 99-356A and 01-94. For this option to be exercised, a majority of the membership of the public body would have to affirmatively vote for such payment to occur.[4] It follows that if the Parish Council wished for the Parish Attorney to represent an individual council member acting in an official capacity, it would take an affirmative vote of a majority of the membership of the Parish Council before the request could be considered by the Parish Attorney.
There is, of course, a distinction that must be made between a public official who instigates suit in his or her capacity as a public official[5] and a public official defending against civil damages arising out of decisions he or she has the authority to make only *Page 4 
by virtue of his or her status as a public official. Regardless of the circumstances which result in a council member necessitating legal representation, it is the opinion of this office that when the Parish Council has not considered the matter as a body and requested action from the Parish Attorney, Section 5.02 of the Charter does not obligate the Parish Attorney to provide legal services to one individual council member.
In conclusion, it is the opinion of this office that Section 5.02 of the Charter obligates the Parish Attorney to provide legal representation to the Parish Council as a whole.
If legal issues arise between the Legislative and Executivebranches of parish government,
What are the obligations of the Parish Attorney's Office to the Parish President?
 What are the obligations of the Parish Attorney's Office to the Parish Council?
 Is there a conflict of interest if the Parish Attorney's Office represents both the Executive and Legislative branches?
 Is there a conflict of interest if the Parish Attorney's Office represents one branch of government against the other?
 Is there an obligation for the Parish Attorney's Office to represent the Parish President's interest in all legal matters in which he is sued in his official capacity?
As described above, the Parish Attorney is obligated to provide legal services to both the Parish President and the Parish Council pursuant to Section 5.02(A) of the Charter. Part of your question asks whether the Parish Attorney's Office is obligated to represent the Parish President in all legal matters in which he is sued in his official capacity. Based on the clear language of Subsection A, unless the situation permits the Parish President to employ special counsel under Subsection B, all legal services required by the Parish President trigger the representation of the Parish Attorney. While there is an applicable statute relevant to indemnification of state employees engaged in the performance of official duties, such a statute does not exist indemnifying officers and/or employees of municipalities or other political subdivisions.[6] Therefore, it is the opinion of this office that the Parish Attorney is not obligated to represent the Parish President in all matters in which he is sued in his official capacity because it is possible to envision a situation where the Parish President is sued for civil damages based on his official actions. However, taking into account that any such situation could involve the interest of the Parish as a whole, it is certainly possible for the Parish Attorney to represent the Parish President in all matters in which he is sued in his official capacity. *Page 5 
Your question and its subparts ask us to address the possibility of a conflict between the Parish President and Parish Council, and how such a conflict could affect the Parish Attorney's obligation to the Parish President and/or Parish Council.[7] The Charter allows the Parish Council to retain special counsel for itself when a majority of the Parish Council votes to do so. See Section 5.02(C). This would allow for the Parish Council to employ special counsel if a conflict came up which necessitated counsel separate from the Parish Attorney to represent the Parish Council's interest.
You have asked whether it is a conflict of interest if the Parish Attorney represents both the Executive and Legislative branches. The question of whether or not the Parish Attorney's representation of both branches of government would violate the rules relating to conflict of interest contained in the Rules of Professional Conduct must be directed to the Louisiana Attorney Disciplinary Board. The Louisiana Attorney Disciplinary Board is the appropriate body to provide rulings on issues regarding ethical conduct.
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
With best regards,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY: _____________________ Emalie A. Boyce Assistant Attorney General
JDC: EAB
[1] Please note that the person to whom a right of action belongs in a suit to enforce the Public Records Act is the actual individual who made the request. Vourvoulias v. Movassaghi, 2004-0262, p. 6 (La.App. 1 Cir. 2/11/05), 906 So.2d 461, 465; RedStick Studio Development, LLC. v. State, ex rel. Dept. of EconomicDevelopment, 2009-1349, p. 4-5 (La.App. 1 Cir. 4/8/10), 2010 WL 1404199.
[2] Although not directly relevant to the issues addressed in this opinion, we note that "person," as used in the Public Records Act, "does not include an individual in custody after sentence following a felony conviction who has exhausted his appellate remedies when the request for public records is not limited to grounds upon which the individual could file for post-conviction relief under Code of Criminal Procedure Article 930.3." La.R.S. 44:31.1
[3] We note that the ability of an individual council member to request access to public records in his or her official capacity provides no greater right of access under the Public Records Act than an individual requesting access as an ordinary citizen. However, please note that if an individual council member determines to make a public records request in his or her official capacity, it is necessary for the council member to make the request him or herself and the enforcement action would need to be instituted by the council member in his or her official capacity. See FN 1.
[4] Please see Section 4.09(C) of the Charter, which provides that "[a]ll Ordinances, Resolutions, or other actions of the Parish Council shall require the affirmative vote of a majority of the council membership which shall be recorded by the secretary."
[5] Moreover, in this particular situation, whether the Council Member makes a request and sues to enforce the right of access in his capacity as an individual citizen or as a public official, he has the same right of action and remedies available to him.
[6] La.R.S. 13:5108.1 provides for indemnification of state employees while engaged in the performance of official duties, specifically excluding parish officials from the definition of a "covered individual" in Subsection (D)(3)(a).
[7] We note that case law does not support the Parish Council's procedural capacity to sue or be sued. City Council of Lafayette v.Bowen, 94-584, p. 8-9 (La.App. 3 Cir. 11/2/94), 649 So.2d 611, 615-16, writdenied, 94-2940 (La. 1/27/95), 650 So.2d 244; Roy v. AlexandriaCity Council, 2007-1322, p. 3-4 (La.App. 3 Cir. 5/7/08), 984 So.2d 191, 194; U.L.Coleman Co., Ltd. v. Bossier City-Parish Metropolitan PlanningCommission, 2009 WL 3518173 (W.D. La. 2009). However, we have responded to the questions you have asked despite this issue of procedural capacity since it is still possible for the Council and Parish President to require legal services and be in conflict with one another.